Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50135 | **DATE** | 11/20/2003 |
| **CASE TITLE** | Serrano vs. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse memorandum opinion and order, the court grants the government's motion to dismiss as to all claims in both the section 2255 motion and the amended section 2255 motion and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 20 2003 date docketed | 20 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 11-20-03 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Petitioner, Juan Serrano, filed a motion and an amended motion pursuant to 28 U.S.C. § 2255. In the original motion, petitioner raises four claims: (1) that his attorney was ineffective for stating that he would not go against the "D.A.;" (2) that his plea was involuntary because of a disagreement as to the amount of cocaine petitioner had previously sold to the confidential informant: (3) that the government failed to disclose exculpatory evidence based on petitioner's attorney's refusal to require the confidential informant to take a polygraph regarding the amount of cocaine previously purchased from petitioner: and (4) that his conviction violated double jeopardy because he did not sell marijuana to the confidential informant like he admitted to in his plea agreement. The amended motion claims that his attorney was ineffective for not attempting to obtain a two-level reduction in the offense level under USSG §§2D1.1(b)(6) and 5C1.2(a), and for not making a motion for a downward departure based upon petitioner's post-rehabilitative efforts as well as the individual circumstances that make deportation more onerous and extraordinarily harsh in his case. The government has moved to dismiss all claims. Petitioner was given an opportunity to respond but has not done so.

A plea agreement that waives the right to file a section 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the waiver. Bridgeman v. United States, 229 F. 3d 589, 591 (7th Cir. 2000). The express language of the waiver controls, and a waiver that is limited to challenges to the sentence only does not preclude a challenge to the conviction. Bridgeman, 229 F. 3d at 591-92.

Here, petitioner's plea agreement provides, in relevant part, that petitioner waives "his right to challenge his sentence or the manner in which it was determined," including a section 2255 motion. Thus, only those claims challenging the sentence, as opposed to the conviction, are waived for purposes of a section 2255 motion.

In this case, four of the claims raised are precluded under the waiver provision in petitioner's plea agreement. The two issues regarding a two-level reduction and a downward departure pertain to the sentence. Similarly, the two issues regarding the amount of cocaine petitioner previously sold to the confidential informant relate to the sentence as those amounts of cocaine were only considered as relevant conduct and did not support the underlying conviction. Accordingly, those four issues are waived pursuant to paragraph 12 of the plea agreement. Furthermore, as to the latter two issues regarding the amount of cocaine, petitioner expressly agreed to those amounts and stated during the Rule 11 proceeding that he was entering the plea agreement voluntarily. Nor has petitioner made any claim that the waiver was involuntary or that counsel was ineffective in negotiating the waiver.

The remaining two issues regarding the ineffectiveness of trial counsel based on a statement about not going against the D.A. and the double jeopardy claim are not covered by the waiver as they go to the underlying conviction. Those claims, however, are dismissed as they do not present cognizable constitutional issues. See Bischel v. United States, 32 F. 3d 259, 263 (7th Cir. 1994). The statement by petitioner's attorney that he would not go against the D.A., if true, triggers no conceivable constitutional violation, and petitioner does not expound on the impropriety of such a statement. Additionally, plaintiff cannot now press this claim as he expressed satisfaction with his attorney's representation during the plea colloquy. See Bridgeman, 229 F. 3d at 592.

Nor can the court identify any double jeopardy issue related to petitioner's claim he did not sell marijuana to the confidential informant. This is especially true as petitioner pleaded guilty to Count II of the indictment which was based on cocaine only. If petitioner is somehow contending that the sale of marijuana was improperly used in determining his sentence then that contention is waived pursuant to the plea agreement.

For the foregoing reasons, the court grants the government's motion to dismiss as to all claims in both the section 2255 motion and the amended section 2255 motion and dismisses this cause in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

United States of America          **JUDGMENT IN A CIVIL CASE**

v.          Case Number: 03 C 50135

Juan Carlos Serrano

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court grants the government's motion to dismiss as to all claims in both the section 2255 motion and the amended section 2255 motion and dismisses this cause in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 11/20/2003          _Susan Wessman_
                                             Susan M. Wessman, Deputy Clerk